SUMMARY ORDER

Jia Ling Liu, a native and citizen of the People’s Republic of China, seeks review of a September 24, 2008 order of the BIA affirming the March 9, 2007 decision of Immigration Judge (“IJ”) Douglas Schop-pert, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jia Ling Liu, No. A95 716 863 (B.I.A. Sep. 24, 2008), aff'g No. A95 716 863 (Immig. Ct. N.Y. City Mar. 9, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Here, where the BIA noted the IJ’s error in applying the pre-REAL ID Act credibility standard in denying Liu’s applications for relief, but affirmed the adverse credibility determination under the proper standard, we review the IJ’s decision as supplemented by the BIA. Id. We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the agency’s adverse credibility finding is supported by substantial evidence. The IJ based that finding on an inconsistency between Liu’s airport and credible fear interviews, where she claimed she feared persecution under the Chinese family planning policy, and her asylum application, where she claimed to fear persecution because of her Christian faith. As an initial matter, we find the records of Liu’s asylum and credible fear interviews to be reliable. Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004).
For asylum applications governed by the amendments made to the Immigration and Nationality Act (“INA”) by the REAL ID Act of 2005, like the one at issue here, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. *67 § 1158(b)(l)(B)(iii). We “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Here, the IJ properly relied on the inconsistency between Liu’s airport and credible fear interviews and her asylum application. See 8 U.S.C. § 1158(b)(l)(B)(iii); see also Yun-Zui Guan v. Gonzales, 432 F.3d 391, 398 (2d Cir.2005) (“where ... a petitioner has provided two distinct, non-overlapping accounts of persecution, ... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of [his] asylum claim with two entirely different responses”). Further, while Liu explained that a snakehead told her to make the initial false claim so she would qualify for bail, the IJ was not required to credit this explanation where a reasonable fact-finder would not have been compelled to do so. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005).
The agency also found that Liu had failed to provide objective evidence of her well-founded fear of persecution on account of her practice of Christianity in the United States. Because Liu failed to point to anything in the record that would indicate that the Chinese government is aware of her practice of Christianity, the agency properly found her claim to be “speculative at best.” Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005); see also Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir.2008) (holding that “to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities”).
Accordingly, because Liu failed to credibly establish past persecution or a well-founded fear of future persecution, the agency’s denial of Liu’s application for asylum was supported by substantial evidence. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95.
Further, because Liu was unable to meet her burden of proof as to her asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Finally, we find that Liu has abandoned her CAT claim by failing to raise it in her brief to this Court. Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).